726 So.2d 489 (1999)
Angel DELGADO
v.
BARRIERE CONSTRUCTION COMPANY, INC.
No. 98-CA-741
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Richard A. Arias, New Orleans, Louisiana, Attorney for Appellee.
Wayne J. Fontana, John M. Daves, New Orleans, Louisiana, Attorneys for Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
This is an appeal of a workers' compensation judgment in favor of the claimant. For the following reasons, we affirm.
On February 10, 1993, claimant/appellee, Angel R. Delgado, was injured in a jobrelated accident. Mr. Delgado was employed by defendant/appellant, Barriere Construction Company, as a cement finisher, and was helping a co-worker carry a pneumatic jackhammer, when the jackhammer discharged, striking Mr. Delgado in the groin several times and knocking him to the ground.
*490 Mr. Delgado suffered internal bleeding, an inguinal hernia and a herniated lumbar disc as a result. The hernia and disc injuries both required surgery. Mr. Delgado filed two separate worker's compensation claims against Barriere as a result of the jackhammer accident. On September 23, 1997, the parties agreed to settle "any and all claims associated with the February 10, 1993 accident except a purported prostate problem which plaintiff maintains is also causally related to the accident of February 10, 1993." Thereafter, Mr. Delgado filed the instant worker's compensation claim, seeking payment of his medical expenses related to his treatment for chronic prostatitis. Prior to trial, Barriere stipulated that all other claims against Barriere were resolved by way of the approved settlement agreement and that the only contested issue at trial was whether Mr. Delgado's chronic prostatitis was causally related to the jackhammer accident.
The matter was heard on February 11, 1998. The only witness to testify live at trial was Mr. Delgado, who related to the hearing officer the facts surrounding the accident and his subsequent injuries. Mr. Delgado testified that prior to the February 10, 1993 jackhammer accident, he never had any prostate-related problems, including prostate infections, urinary tract problems, incontinence, sexual dysfunction, or any pain or swelling in those regions. Mr. Delgado testified that he has experienced all of those problems since the accident, and that he has to go to the doctor on occasion to have his prostate gland massaged in order to reduce the pain and swelling in his prostate.
Three doctors testified via deposition, Dr. John J. Kokemor, internist, Dr. Jules Deutsch, urologist, and Dr. Emanuel P. Rivas, III., urologist. In Dr. Kokemor's deposition, he testified that he first saw Mr. Delgado on August 27, 1993, at the request of appellant, Barriere Construction, with the goal of getting Mr. Delgado back to work. Dr. Kokemor testified that, among other physical problems he was experiencing since the jackhammer accident, Mr. Delgado had been experiencing pain and swelling in his prostate. Tests performed that day revealed a prostate infection. Dr. Kokemor prescribed antibiotics to treat the infection, and since Mr. Delgado had already been seen several times by Dr. Deutsch, Dr. Kokemor referred Mr. Delgado to Dr. Rivas for a second urological opinion.
Dr. Kokemor followed Mr. Delgado over the next several years through the time of his deposition, and testified that on several visits, Mr. Delgado presented with pain and swelling of the prostate, had an active prostate infection, and Dr. Kokemor treated Mr. Delgado with various antibiotics as well as prostate massage to drain the prostate and to reduce the pain and swelling. Dr. Kokemor further testified that in his medical opinion, Mr. Delgado's chronic prostatitis was causally related to the jackhammer accident.
In the depositions of Drs. Deutsch and Rivas, both confirmed that Mr. Delgado suffers from chronic prostatitis. Neither Dr. Deutsch nor Dr. Rivas would relate Mr. Delgado's prostatitis to the jackhammer accident. However, both Dr. Rivas and Dr. Kokemor testified that one of the causes of prostatitis was infection introduced into the prostate via catheterization for surgery. Medical records introduced at trial via joint stipulation reveal that Mr. Delgado underwent surgery by Dr. Akio Kitahama on June 8, 1993, to repair his inguinal hernia. Mr. Delgado's post-surgical recovery in the hospital was complicated by urinary retention, necessitating "intermittent catheterization."
After trial, the hearing officer issued an April 30, 1998 judgment, finding that Mr. Delgado's prostate condition was related to the February 10, 1993 jackhammer accident, and that Mr. Delgado is entitled to worker's compensation benefits for his chronic prostatitis. Barriere thereafter appealed, asserting that the hearing officer was manifestly erroneous in finding that Mr. Delgado's prostate condition was related to the jackhammer accident.
In Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La.1985), the Louisiana Supreme Court established the appropriate burden of proof for the element of causal connection in worker's compensation cases:
As in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability *491 and its causal relation with the employment accident by a preponderance of the evidence. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant's disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection, (citations omitted).
As stated, Mr. Delgado's uncontradicted and uncross-examined testimony at trial was that prior to the February 10, 1993 jackhammer accident, he had no prostate problems. His prostate problems after the jackhammer accident are well documented in the record. Further, one of his treating physicians, Dr. Kokemor, testified that in his opinion, Mr. Delgado's chronic prostatitis was causally related to the jackhammer accident. While Drs. Deutsch and Rivas disagreed with this opinion, it is well settled that where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact shall not be disturbed on appeal absent manifest error. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993), citing Rosell v. ESCO, 549 So.2d 840 (La. 1989). Additionally, the manifest error/clearly wrong standard applies where the conflicting evidence before the trier of fact consists solely of written reports, records and depositions. Alexander v. Pellerin Marble & Granite, 630 So.2d 706, 710 (La.1994).
In its appeal, Barriere argues that the hearing officer should have given greater weight to the causation opinions of the two urologists, Drs. Deutsch and Rivas, than to the internist, Dr. Kokemor. We disagree. When the testimony of expert witnesses differs, it is the responsibility of the trier of fact to determine which evidence is most credible. The worker's compensation hearing officer is granted considerable discretion in evaluating expert testimony, and his decision to accept the testimony of one expert over the conflicting testimony of another expert can never be manifestly erroneous. Connolly v. Seeley Service Construction, 97-1620 (La.App. 1 Cir.5/15/98) 712 So.2d 636, 640, citing Fontenette v. McDermott, Inc., 95-0190 (La.App. 1 Cir.10/6/95), 694 So.2d 266.
After a thorough review of the record, it is clear that there was sufficient medical evidence before the hearing officer to show there to be a reasonable possibility of causal connection between the jackhammer accident and the chronic prostatitis. Additionally, the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. The hearing officer's finding of a causal connection between the jackhammer accident and the chronic prostatitis was reasonable and therefore not manifestly erroneous. For the foregoing reasons, the April 30, 1998 judgment is hereby affirmed. Costs herein are assessed against appellant.
AFFIRMED.